UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. WHEELER, | No. C 05-3513  JL |
| Plaintiff, | |
| v. | **DISMISSAL** |
| OAKLAND UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendants. | |

## Introduction

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.  The motion came on for hearing on November 2, 2005.  Plaintiff appeared pro se.   Michael Lee Smith appeared for Defendants.  The court considered the written pleadings and the oral arguments of the parties and the record in this case and hereby grants Defendants' motion.  Plaintiff's complaint is dismissed with prejudice.

## Factual/ Procedural Background

### State Case

Plaintiff filed suit in the Alameda County Superior Court on December 9, 2003, seeking damages for injuries allegedly sustained in the course of his employment with the Oakland Unified School District ("District") on or about April 15, 1968.

The District demurred to Plaintiff's state court complaint and the trial court sustained the demurrer with leave to amend. The court held that on its face the complaint alleged facts indicating that the statute of limitations on all of Plaintiff's claims began to run in July of 1968 and his claims were time-barred.

Plaintiff filed his First Amended Complaint for damages in state court on June 16, 2004, in which he expanded his factual allegations about how Defendants had handled his original injury claim between April 15, 1968 and June 28, 1972. In addition, he alleged that as a result of his injury, he "suffered psychiatric disability, ...was of such unsound mind that he was incapable of caring for his property or transacting business or understanding the nature and effects of his acts," and consequently was "released....from legal responsibility." On this basis he asserted that the statute of limitations should be tolled pursuant to Code Civ. Proc. §352, and that such tolling continued until he was "restored to sanity."

Plaintiff attached as an exhibit to his first amended complaint a "summary of evidence" presented to the Workmen's Compensation Appeals Board on February 27, 1973, which contained summaries of the testimony of two physicians concerning his mental capacity. The District again demurred that the complaint was barred by statutes of limitations, and that Plaintiff had failed to show that he had ever suffered from a condition which justified tolling the statute. The state court sustained the District's demurrer without leave to amend, again finding that all of Plaintiff's claims were time-barred.

Plaintiff filed a petition for reconsideration of the ruling on the District's demurrer, which was denied, because Plaintiff had offered "no new facts, circumstances or law that would warrant a different order."

Plaintiff then appealed to the California Court of Appeal, which held: "The trial court was clearly correct in sustaining respondent's demurrer without leave to amend and dismissing the first amended complaint as barred by the applicable statutes of limitations."

/ / /

/ / /

/ / /

**Federal Case**

Plaintiff now attempts to litigate the same facts and four of the same causes of action in federal court. He filed his complaint August 30, 2005. In addition to the four causes of action that were previously filed in state court, Plaintiff has added three new causes of action - - violation of federal civil rights under 42 U.S.C. §1983, conspiracy to deprive Plaintiff's civil rights, and Defendants have no defense for violation of Federal Civil Rights 42 U.S.C. §1983. All parties consented to this court's jurisdiction as provided by 28 U.S.C. § 636(c) and Civil Local Rule 73.

**Statute of limitations**

Federal law determines when a federal civil rights claim accrues. *Elliot v. City of Union City*, 25 F.3d 800, 801-802 (9th Cir. 1994). Such a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Id. Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions. *Wilson*, 471 U.S. at 276.

At the time plaintiff's claims accrued, in July of 1968, the applicable statute of limitations in California was one year. The basis of Plaintiff's complaint is that Defendant on July 5, 1968 stopped paying wages to Plaintiff and subsequently terminated his employment. Plaintiff had one year from that date to initiate litigation but failed to do so. Plaintiff first filed in state court in December of 2003, and the state court dismissed Plaintiff's claims with prejudice as time barred. Plaintiff now asserts § 1983 claims for the first time in federal court, almost 40 years after his termination. Thus, Plaintiff's § 1983 claims are also time barred. This also applies to Plaintiff's third cause of action for conspiracy to deprive Plaintiff of his civil rights.

Plaintiff argues that he is not barred by the statute of limitations because he first filed a claim on May 8, 1968, case No. 68 OAK 27226. However, this was a workmen's compensation claim filed with the state of California Department of Industrial Relations, where a hearing was conducted by the Workmen's Compensation Appeals Board. This was an administrative hearing unrelated to the case at bar. In the case at bar Plaintiff is

suing Defendants for failure to pay wages and terminating his employment. Even if the cases were related, the statute of limitations would only be tolled during the pendency of the administrative proceedings, which ended in 1973. *Diaz v. Carlson*, 5 F.Supp 2d 809 (1997). Plaintiff would then have had to file within a year, which he failed to do. Plaintiff offers no other reason why the statute of limitations should be tolled.

### Res Judicata/Collateral Estoppel

Defendants allege that Plaintiff's newly added § 1983 claims are also precluded by the judgment of the state court under the doctrine of *res judicata*, because these claims relate to the same primary right as the claims in the prior state court action.

Plaintiff seeks alleged lost wages from 1968 onward after he was injured and placed on disability, and he seeks redress for employment discrimination. Plaintiff sought redress for the same primary rights in the prior state court action. The prior judgment was final and on the merits, and Plaintiff was a party in the prior action. *Mir v. Little Co. Of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988) *citing Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1956).

Additionally, in California under the doctrine of collateral estoppel a party will be estopped from relitigating an issue if the issue raised in the present action is identical to that decided previously; the prior judgment was final and on the merits; and the person against whom estoppel is asserted was a party to the prior action. *Trujillo*, 775 F.2d at 1369. Therefore, Plaintiff is also precluded in this action by collateral estoppel, because these are the same causes of action in his state Complaint, and Plaintiff had a full and fair opportunity to litigate these issues in the earlier case. Accordingly, the complaint is hereby dismissed with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 16, 2005

_____/s/_____
James Larson
United States Magistrate Judge